IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARL BARRETT,

                                                     ORDER

Plaintiff,

                                                12-cv-24-bbc

v.

LAVERNE WALLACE, SHAWN GALLINGER,
STACEY HOEM and WILLIAM BROWN,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Carl Barrett is proceeding on claims that (1) defendant William Brown used excessive force against plaintiff on September 21, 2010; (2) defendants Stacey Hoem and Shawn Gallinger did nothing to stop Brown; and (3) defendants Laverne Wallace and Gallinger failed to protect plaintiff from harming himself on October 4, 2010. A trial is scheduled for October 1, 2013, with jury selection set to take place on September 30.

Now before the court are plaintiff's motions for writs of habeas corpus ad testificandum, to compel discovery, for mediation of the case and for appointment of counsel and to extend the trial date. For reasons discussed below, I will grant plaintiff's motion to have inmates Mustafa-El K.A. Ajala and James Gomez appear at trial, but deny the remainder of his motions.

1

WRITS OF HABEAS CORPUS AD TESTIFICANDUM

Plaintiff has filed a motion for a writ of habeas corpus ad testificandum for the appearance of proposed prisoner witnesses Mustafa-El K.A. Ajala (a.k.a. Dennis E. Jones-El) James Gomez and Damien Green, as well as each of the defendants. Dkt. #117. Ajala and Gomez have filed affidavits stating that they has personal knowledge of the events at issue and that they are willing to testify voluntarily at trial. Therefore, I will grant plaintiff's motion as it pertains to Ajala and Gomez. The clerk's office will issue writs of habeas corpus ad testificandum and subpoena forms for each witness and provide them to the United States Marshal, who will be directed to serve them.

However, plaintiff has not fulfilled his obligations with regard to proposed witness Green. Plaintiff has not provided an affidavit either from himself or Green indicating that Green has knowledge of the events at issue and is willing to testify voluntarily, as the court explained was necessary in the August 21, 2013 trial preparation order.

Finally, regarding the defendants, it is not clear whether plaintiff has complied with the trial preparation order, which instructed him to first ask defendants' counsel "whether the defendants will agree to be called as witnesses by plaintiff without a subpoena." Dkt. #100, at 7. Plaintiff states that defendants "have not yet agreed to appear voluntarily," which I understand to mean that he has asked defendants, so it is possible that this issue will be resolved between the parties.

In any case, the trial preparation order explains further that, "[i]f [a] defendant does not agree [to testify without a subpoena], then plaintiff will have to follow the attached

2

procedures for calling unincarcerated witnesses if he wishes to obtain testimony from him or her." Id. Plaintiff states that he has no means of paying for defendants' attendance at trial. Because it is plaintiff's burden to do so, I will deny his motion as it pertains to defendants.

## MOTION TO COMPEL

Plaintiff has filed a motion to compel discovery of the "computerized" record of his and other prisoners' use of emergency call buttons on October 4, 2010 (the parties dispute when plaintiff and other prisoners made emergency calls about plaintiff's thoughts of self-harm). Plaintiff states that defendants have provided only a handwritten log of these calls. Defendants respond by stating that there is no electronic log created for this data. Because defendants have provided the only emergency call logs they have, plaintiff's motion to compel will be denied.

## MOTION FOR MEDIATION

Plaintiff has filed a motion asking the court to "send the case to mediation." Other than the instruction in the preliminary pretrial conference order that the parties meet no later than two weeks in advance of trial to discuss, among other things, the prospects of settlement, dkt. #22, it is not this court's policy to order parties to enter into mediation or settlement discussions. The parties are still free to discuss settlement, but plaintiff's motion to require mediation will be denied.

RECRUITMENT OF COUNSEL

Plaintiff has renewed his motion for appointment of counsel, which the court has twice previously denied. Unlike indigent criminal defendants, civil litigants have no automatic right to court-appointed counsel. Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997). The statute provides that "[a] court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This statute merely confers discretion "to recruit a lawyer to represent an indigent civil litigant pro bono publico[.]" Pruitt v. Mote, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). In other words, it authorizes the court to recruit a volunteer. id.

The court has already concluded that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Therefore, the test for determining whether to recruit counsel is two-fold: "[T]he question is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). In other words, given the complexity of the case, does plaintiff appear to be competent to try this case on his own? Santiago v. Walls, 599 F.3d 749, 761 (7th Cir. 2010) (citing Pruitt, 503 F.3d at 654).

In his renewed motion, plaintiff states that he has had assistance from jailhouse lawyers in preparing all of his pretrial materials (including his current motions) and that without this help at trial, he will be incapable of representing himself, particularly because he suffers from "mental health issues." The documents plaintiff has submitted in support

4

of his motions for appointments of counsel indicate that he is taking medication for depression and suffers from antisocial personality disorder.

It is difficult to assess plaintiff's ability to litigate the case, particularly given that he has been receiving assistance from jailhouse lawyers throughout the course of this litigation. At this point, I conclude that plaintiff fails to show that he will be unable to represent himself at trial; the few medical records he provides do not suggest that the mental illness from which he suffers leave him incapable of proceeding pro se. Moreover, this case is not case particularly complex. Plaintiff's excessive force and failure to protect claims should be relatively straightforward; plaintiff's most important task will be to present his own testimony and elicit testimony from his inmate witnesses about what happened on September 21 and October 4, 2010. Therefore, plaintiff's request will be denied.

Plaintiff has asked set the trial date back about 60 days, but he has not provided the court any reason why a postponement is necessary. He should have already gathered the evidence he needs to prove his case.

ORDER

IT IS ORDERED that

1. Plaintiff Carl Barrett's motion for writs of habeas corpus ad testificandum for incarcerated witnesses Mustafa-El K.A. Ajala (a.k.a. Dennis E. Jones-El) and James Gomez, dkt. #117, is GRANTED. The clerk of court is directed to issue these writs for trial beginning on October 1, 2013. The witnesses should arrive at the courthouse no later than

8:00 a.m.

2. Plaintiff's motion for writs of habeas corpus ad testificandum for incarcerated witness Damien Green, as well as for each of the defendants in this case, dkt. #117, is DENIED.

3. Plaintiff's motion to compel discovery, dkt. #113, is DENIED.

4. Plaintiff's motion for mediation, dkt. #113, is DENIED.

5. Plaintiff's motion for appointment of counsel, dkt. #113, is DENIED.

6. Plaintiff's motion to continue the trial date, dkt. #113, is DENIED.

Entered this 10th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge